Bradstreet *v.* Bradstreet.

---

ANNA BRADSTREET, appellant, *vs.* EDWARD L. BRADSTREET.

*Practice. Probate appeal.*

To justify setting aside the findings of a jury empanelled to determine issues framed in a probate appeal, and the decree of the justice at *nisi prius* affirming that of the judge of probate, there must be a very decided preponderance of the evidence against the verdict and decrees.

Upon a probate appeal, neither party can claim a trial by jury, as matter of right.

It is discretionary with the court whether or not to frame issues—and, if any, what—to be determined by a jury; and the verdict is to inform the conscience of the court, but need not control its action, unless approved; nor can either party except because issues prepared by him were not submitted.

In this case, the following questions were left to the jury:

I. "Did the guardian support said ward, while she lived in his house, as an act of charity till her former guardian was appointed?"

Bradstreet v. Bradstreet.

II. "Did the services of the ward, rendered for her guardian, compensate him for her support, after the appointment of the first guardian?"

III. "How much, if anything, was the guardian entitled to receive from the ward, by virtue of his guardianship and of the account filed by him, at the date of its settlement at the probate office?" To the first inquiry an affirmative, and to the second a negative, answer was returned; the third was answered, "One hundred and forty-one dollars and ten cents." The appellant objected that these inquiries presented issues of law, as well as of fact; this objection is untenable, because all verdicts involve law, as given by the court, and facts found by the jury, the result being the law applied to the facts.

The practice of reporting the whole charge in the exceptions is reprehensible. Only the points of law to be raised and such facts as are essential to enable the court to perceive the applicability of the instructions given or refused, should be stated.

Should the judge inadvertently mis-state any fact in his charge, his attention should be called to the error that it may be then and there corrected; otherwise, it will be treated as waived.

One item of the appellee's account was for personal services, which it was contended could not be allowed because he had not settled any account of his guardianship of the appellant for more than three years after his appointment, the account in controversy being the first and final one; this objection was properly overruled because not stated in the reasons of appeal.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

APPEAL from the decree of the judge of probate of Waldo county, allowing the account of Edward L. Bradstreet, the appellee, as guardian of the appellant, while Anna Morrison, the wardship. being terminated in February, 1870, by her marriage to Charles L. Bradstreet. It seemed by the report that a different account was first filed, but allowed to be withdrawn on the return day and the one under consideration in this case substituted therefor. This proceeding was stated as one of the reasons of appeal, and that thus there had been no notice upon the account actually settled before the judge of probate.

By the account in controversy the appellee charged himself as guardian with the amount of the inventory ($173.87) and eighteen dollars interest, making $191.87, and prayed to be allowed for an error of $16.49 in the inventory, five term fees at probate court, of seven dollars each, five per cent. commission on $157.38 (the true amount of the original inventory, as corrected), various

items of clothing, &c., fifteen dollars for going to Madrid to settle with James Morrison, Anna's former guardian, and fifty dollars for "board and clothing of minor for seven years, viz.: from 1862 to 1869," which was the item chiefly in dispute. These several credits amounted to $141.10, and were all allowed by the judge of probate, this substituted account being prepared so as to meet his approbation, the amount of the credit for board being submitted to his discretion and filled in by him.

From this allowance the ward appealed, assigning as reasons, the substitution of this account for the one first filed, and on which notice was had; that the claim for board was allowed, although there was an express agreement made with the former guardian that nothing should be charged; and because of the allowance of sundry minor sums specified, with the reasons for their rejection.

At the hearing before the supreme court of probate, at *nisi prius*, the three issues mentioned in the syllabus and opinion were framed by the direction of the presiding justice and submitted to the jury, who returned the answers there indicated.

The appellee claimed the right to open and close, upon the ground that he had the burden of the affirmative upon him, but it was refused him.

All the evidence in the case and the whole charge were reported, and made (with the exceptions) a hundred and twenty-one pages of manuscript, and all of the instructions given were excepted to, as well as certain rulings made during the trial and several refusals to instruct. The charge filled twenty-five pages.

The father of the appellant was a soldier in the service of the United States, and died after his discharge, leaving three orphan children, Anna being then about ten years old, wholly destitute. She was taken into the family of Edward L. Bradstreet where she remained (with the exception of a few absences of a few weeks at a time) until her marriage, when she was eighteen or nineteen years old. After the death of her father a pension, &c., was obtained, and James Morrison was appointed her guardian in 1864,

and so continued till her arrival at the age of fourteen, when she chose the appellee as her guardian, and he was appointed in January, 1868. He went to Madrid Franklin county, and settled with the former guardian, giving a receipt for the funds transferred to him and one for a hundred dollars in full of her support to that date; but he testified that the hundred dollars was embraced in the sum for which he gave the other receipt and was included in the inventory returned by him; that, upon objection to the account, as first presented, he made out the one now before the court, charging himself with the whole amount, and leaving a blank for the judge of probate to fill such credit for board, &c., as he thought just, and that he inserted the sum of fifty dollars, and settled the account as presented, at the April term, 1871. The appellee denied that he ever agreed to make no charge for his ward's support. Her counsel contended, as their exceptions state that all the expense of supporting, boarding, clothing and schooling her, before the appointment of her former guardian, was an act of charity; that, subsequently to that appointment and until her marriage, she was supported, &c., under a contract between her first and second guardians, that her labor should be considered an equivalent, and full compensation for her support till she was eighteen years old; and that she was always capable of and did earn her support from the time of that contract until her marriage; that the claim was adjusted with the former guardian up to the time of the change of guardians; and that Mr. Bradstreeet settled no account till more than three years had elapsed from the date of his appointment. The presiding justice was asked to present the several issues above indicated to the jury, which he declined to do, but formed those already mentioned, and ordered the appellant's attorneys to join this issue; "and now the said appellant comes, when, &c., and for plea says, that she is not indebted to the said Edward L. Bradstreet, in manner and form as alleged by him in this appeal, and of this she puts herself upon the country;" which they accordingly joined under protest.

The jury returned a verdict, as before stated, upon the issues presented, after which the appellant's counsel objected to the allowance of the account for the reasons already urged by them to the jury; but the presiding justice overruled these objections, and affirmed the decree of the judge of probate, and the appellant excepted.

*H. & W. J. Knowlton* and *N. B. Turner* for the appellant.

The purport of the counsel's elaborate argument can be easily inferred from the opinion. It contained strong criticism upon the charge to the jury, and claimed that a comparison of the language of the charge upon some points mentioned, when compared with the evidence reported upon the motion for a new trial, would show a misstatement of the facts and evidence by the judge.

*W. H. McLellan* for the appellee.

APPLETON, C. J. This is an appeal from the decree of the judge of probate of Waldo county, allowing the account of the appellee as guardian of the appellant.

The case comes before us upon a motion for a new trial and upon exceptions to the rulings of the justice presiding.

It is urged that the verdict should be set aside as against evidence. But after the account of the guardian has been passed upon with approval by the judge of probate, after a verdict of the jury in favor of the appellee upon the issues presented for their determination, and after the affirmance of the decree from which the appeal was taken by the justice presiding, it would require a greater preponderance of evidence to justify this court, which has neither seen nor heard the witnesses, to overrule the judgment of those who have, than is disclosed by the evidence before us.

By R. S., c. 63, § 26, an appeal may be taken from the decree of the judge of probate to the supreme judicial court, as the supreme court of probate, and "said court may reverse or affirm in whole or in part the sentence or act appealed from, pass such decree thereon as the judge of probate ought to have passed, re-

Bradstreet v. Bradstreet.

mit the case to the probate court for further proceedings, or take any order therein that law and justice require; and if, upon such hearing, any question of fact occurs proper for a trial by jury, an issue may be formed under the direction of the court, and so tried."

Courts of probate are of special and limited jurisdiction. Their proceedings are not according to the course of the common law. They have no juries. Neither party, upon appeal, can claim as a matter of right, a trial by jury. The judge of the appellate court may form an issue when, in his judgment, any question of fact occurs proper for a trial by jury, and not otherwise. The issue is to be formed and tried at law, but as in equity, to inform the conscience of the court, and under its direction. *Higbee* v. *Bacon*, 11 Pick., 423; *Wood* v. *Stone*, 39 N. H., 575; *Patrick* v. *Cowles*, 45 N. H., 553.

The counsel for the appellant complain that certain issues presented by them were not submitted to the jury. But it was for the judge to determine what issues should be so presented, not the counsel. Nor does it appear that the appellant has in any way suffered by the action of the court in this respect.

The presiding justice, however, in virtue of the authority given by statute, did form the following issues for the decision of the jury.

I. Did the guardian support said ward while she lived in his house as an act of charity till her former guardian was appointed?

To this interrogatory, the jury returned:—"Yes."

II. Did the services of the ward rendered for her guardian compensate him for her support after the appointment of the first guardian?

To the second interrogatory, the jury returned: "No."

III. How much, if anything, was the guardian entitled to receive from the ward by virtue of his guardianship and the account filed by him at the date of its settlement at the probate office?

To the third interrogatory, the jury returned:—"One hundred and forty-one dollars and ten cents."

It is objected that these issues involved issues of law as well as of fact, and should not have been thus submitted to the jury. But the facts were submitted to the jury under instructions, pertinent and applicable. In all cases, the verdict is the determination of issuable facts subject to the rulings of the court as to the law applicable to such facts. The appellant has, therefore, no cause of complaint, if the law as given to the jury was correctly given. All verdicts involve both fact and law; the law to be given to the jury by the court; the facts to be found by the jury, and the verdict is, as should be, the result of the law as properly applied to the facts.

The whole charge is reported. The practice of reporting exceptions to the whole of a charge cannot be too strongly discountenanced, as inconvenient and irregular. The points of law should be clearly and distinctly presented, and the facts should be stated as fully as is necessary to enable the court to appreciate the applicability of the instructions and determine their correctness. A full report of the evidence and of the charge, embracing the material and immaterial, the relevant and the irrelevant, should be avoided as unnecessarily expensive to the parties and uselessly burdensome to the court. *Burt* v. *Merchant's Ins. Co.*, 115 Mass., 1; *Evans* v. *Eaton*, 7 Wheaton, 426.

It is objected, that the presiding justice erred in some statement of fact to the jury. But if the judge inadvertently misstates the facts, the counsel should, at the time, call his attention to the fact, that it may then and there receive correction. *Nolton* v. *Moses*, 3 Barb.. 34; *Varnum* v. *Taylor*, 10 Bosworth, 148.

A portion of the appellant's account is for personal services. It is insisted that, the account not having been settled within three years, this part of the account is forfeited under the provisions of R. S., c. 67, § 19, which requires that, "every guardian shall settle his account with the judge at least once in three years, and as much oftener as the judge cites him for that purpose;" and shall "forfeit all allowance for his personal services, unless it appears to the judge that such neglect arose from sickness or other unavoidable accident."

The account for personal services was allowed by the judge of probate. Its allowance is not among the reasons of appeal. In an appeal from a decree of the judge of probate allowing a guardian's account, the appellant is confined to the matters specified in his reasons for appeal. *Patrick* v. *Cowles*, 45 N. H., 553. The reasons of appeal are to be filed in the probate office, and the party appealing is restricted to the reasons assigned by him. *Gilman* v. *Gilman*, 53 Maine, 184. The amount of the charge was not the matter of objection, but the charge itself. The obobjection now first taken was not open to the appellant.

It was urged that the appellee had made a special agreement with a former guardian to support his ward until she should arrive at the age of eighteen years, and that her labor in his (the appellee's) family was a sufficient compensation for her board and clothing. All this was denied.

The amount claimed for board was small. These matters were first presented to the judge of probate for his consideration, and the account of the appellee was allowed. After a full and patient hearing of the evidence and a verdict of the jury, negativing the claims of the appellant, and affirming the correctness of the account of the appellee, the justice presiding confirmed the decree of the judge of probate, in all which we perceive no error.

*Motion and exceptions overruled.*

WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.